## MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW
ONE NEW YORK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

NEW YORK, NY
NEWARK, NJ
GARDEN CITY, NY
SAN FRANCISCO, CA
FORT LAUDERDALE, FL

PHILIP C. SILVERBERG
(212) 804-4257
psilverberg@moundcotton.com

May 7, 2018

**VIA ECF AND FACSIMILE**

Honorable George B. Daniels
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Fabrique Innovations, Inc. d/b/a Sykel Enterprises v. Federal Insurance Company*
     *Case No.: 17-cv-00737 (GBD) (GWG)*

Dear Judge Daniels:

   We represent defendant Federal Insurance Company in the above matter. We are writing in response to the May 2, 2018 letter submitted to Your Honor by counsel for Plaintiff in the above-referenced action.

   On May 9, 2018 - - the deadline to file any motion for summary judgment - - Federal filed a motion for summary judgment. Plaintiff requested an extension of time to file its opposition and, on April 6, 2018, filed not only an opposition but also a cross-motion for summary judgment. By letter dated April 10, 2018, our firm wrote to Your Honor noting that the cross-motion for summary judgment was in our view not timely. In a responsive letter also dated April 10, Plaintiff requested that it be allowed to file a cross-motion and noted that it did "not intend on seeking leave to file a reply memorandum of law in support of [that] cross-motion." It seems that Plaintiff's May 2, 2018 three-page letter to Your Honor constitutes a de facto reply.

   To the extent Your Honor is inclined to consider Plaintiff's letter, Federal wishes to briefly respond. First, with respect to Plaintiff's argument that Federal's April 30, 2018 "reply" brief was in excess of ten pages, Federal notes that the brief was both an opposition to Plaintiff's cross motion as well as a reply to Federal's own summary judgment motion.

MOUND COTTON WOLLAN & GREENGRASS LLP

Hon. George B. Daniels
May 7, 2018
Page 2

Second, with respect to judicial admissions and judicial estoppel, Federal noted in its moving brief that "Fabrique ... admitted in court that the actions of Hancock were willful misconduct" and specifically cited to the filings of the bankruptcy action. (Doc. 40, p. 16.) In any event, Federal's arguments concerning judicial admissions in this case and the bankruptcy proceedings were posited in direct response to Fabrique's argument that Hancock's improper sale of goods did not constitute a "dishonest" act. (Doc. 49, pp. 11-12.) The fact that Plaintiff admitted in its complaint in this action that it sustained a "complete loss of its merchandise through alleged theft" and that Plaintiff alleged "willful breach of an agreement" in the bankruptcy action certainly belies its current argument that Hancock's actions were not "dishonest acts."

Third, with respect to the Storage Endorsement, as detailed in Federal's opposition to Plaintiff's cross-motion, this endorsement clearly provides that coverage for merchandise in transit while temporarily in storage is added as an Additional Coverage under the Ocean Cargo form. As an Additional Coverage under the Ocean Cargo form, storage coverage is subject to all of the terms, conditions, and exclusions of the Ocean Cargo form, except as specifically modified by the endorsement. Notably, in addition to adding the Additional Coverage for storage, the endorsement also adds wording to the Deductible provision and deletes and replaces the Other Insurance provision of the Ocean Cargo form. The endorsement does not delete any other provision of the Ocean Cargo form (including its exclusions). Rather, as Plaintiff points out, the endorsement states "[a]ll other terms and conditions remain unchanged." The exclusions of the Ocean Cargo form were not deleted and, therefore, apply to all Additional Coverages under that form, including storage.

Finally, as to the issue of late notice and Mr. Garfinkel's affidavit, Federal refers to its moving brief and opposition brief on this topic.

Respectfully,

*[signature]*

cc: Counsel